UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ASHESH CHAMPANERIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-86 |
| | § | |
| THE BRACHFELD LAW GROUP, PC, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

Defendant The Brachfeld Law Group, PC seeks to set aside a default judgment entered against it in this case alleging unlawful debt collection. The Court has considered the parties' filings, the applicable law, and, in particular, the evidence Plaintiff Ashesh Champaneria submitted showing that Brachfeld was aware of the pending motion to default, and **DENIES** Brachfeld's motion.

### I.  BACKGROUND

On March 20, 2012, Champaneria filed suit against Brachfeld, a law firm specializing in debt collection services, for alleged violations of the federal Fair Debt Collection Act and the Texas Debt Collection Act. The complaint alleges misrepresentations Brachfeld made after being contacted by Champaneria's counsel. Specifically, Champaneria claims Brachfeld attempted to collect a debt by falsely telling his counsel that (i) Citi, his

1

original creditor, would delete his account if the debt were paid to Brachfeld, and (ii) that credit reporting agencies would delete the account from his credit history if he disputed the account with them. *See* Docket Entry No. 1 at ¶¶ 28–32. Champaneria also claims that Brachfeld failed to provide him with the notice of validation of debts required by 15 U.S.C. § 1692g. *See id.* at ¶ 1.

Although Brachfeld was properly served, it did not answer Champaneria's complaint or make any other appearance. Champaneria moved for an entry of default and a default judgment on June 1, 2012. The Court held a telephone conference on the motion for default on June 18, 2012, but Brachfeld failed to appear. On June 28, 2012, the Clerk of the Court entered an entry of default, and the Court entered a default judgment against Brachfeld in the amount of $14,429.00.

With his default judgment in hand, Champaneria obtained a writ of execution, and, on September 6, 2012, the U.S. Marshalls Service served the writ on Brachfeld's Houston Office. Later that day, Brachfeld made its first appearance in this case by filing a motion to set aside the entry of default and the default judgment.[1]

---

[1] Although Brachfeld's motion is entitled "Defendant's Motion to Set Aside Default Judgment," it requests only that the Court "set aside the entry of default." Docket Entry

## II. LEGAL STANDARD

Because the Court has already entered a default judgment, it must determine whether that judgment should be set aside. Federal Rule of Civil Procedure 55(c) states that district courts may set aside default judgments "under Rule 60(b)." [2] Fed. R. Civ. P. 55(c). In ruling on a Rule 60(b) motion, the Court must consider seven factors:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.

---

No. 14 at 1, 5. The Court interprets Brachfeld's motion to be a request to set aside both the entry of default and the default judgment itself.

[2] The Fifth Circuit has not yet ruled whether, in the wake of the 2007 restyling of Rule 55(c), Rule 60(b) motions should continue to be evaluated under the "good cause" standard applicable to Rule 55(c) motions to set aside entries of default. *See In re Marinez*, 589 F.3d 772, 777 (5th Cir. 2009) (declining to address the issue). The best reading of restyled Rule 55(c)'s plain language is that the good cause standard is inapplicable to Rule 60(b) motions. *See Safdar v. AFW, Inc.*, 279 F.R.D. 426, 430–31 (S.D. Tex. 2012) (holding the 2007 restyling made clear that the good cause standard is not applied to Rule 60(b) motions). Nonetheless, the Court notes that the outcome in this case would be the same even if it did apply the good cause standard because the good cause factors largely overlap with the factors considered in analyzing a Rule 60(b)(1) motion. *See Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 938–39 (5th Cir. 1999).

*Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993) (quoting in part *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)). However, a defendant making a Rule 60(b) motion must also satisfy one of the Rule's enumerated justifications for setting aside a judgment. Brachfeld's only asserted justification for defaulting is that it "was unaware that Plaintiff intended to file or indeed filed a motion for default." Docket Entry No. 14 at 4. Thus, the relevant subsection of Rule 60 is that which allows final judgments to be set aside for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

The Court considers three additional factors in determining whether to exercise its discretion to grant motions filed under subsection (b)(1): "(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct." *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 938–39 (5th Cir. 1999) (quotation omitted). "These factors are not talismanic," *id.* at 939, and courts have denied relief on the basis of the "culpability" factor alone. *See, e.g.*, *Safdar v. AFW, Inc.*, 279 F.R.D. 426, 432–33 (S.D. Tex. 2012) ("The court begins and ends with the culpability of Defendants' conduct." (citing *Rogers*, 167 F.3d at 938–39)).

## III. DISCUSSION

Review of the *Rogers* factors demonstrates that Brachfeld is not entitled to relief because it cannot show "mistake, inadvertence, surprise, or excusable neglect" as required by Rule 60(b)(1). The uncontroverted evidence shows that Brachfeld knew Champaneria had sued it and that Brachfeld had been properly served with the motion for a default judgment. Brachfeld was served with process on April 12, 2012, several weeks after Champaneria filed suit. *See* Docket Entry No. 5. Shortly thereafter, on April 16, 2012, Brachfeld's general counsel stated in an e-mail to Champaneria's counsel that it had retained outside counsel to file a responsive pleading and defend against the suit. *See* Docket Entry No. 16-1. On June 1, 2012, the day Champaneria moved for a default judgment, his counsel served the motions by e-mail on Brachfeld's general counsel and followed up by sending Brachfeld hard copies of the motions via certified mail, as required by Southern District of Texas Local Rule 5.5. *See* Docket Entry Nos. 16-4; 16-5; 16-9. The return receipt from the U.S. Postal Service shows that Brachfeld received the certified mailing on June 5, 2012. *See* Docket Entry No. 16-5.

Troublingly, Brachfeld's motion to set aside is based on assertions that are inconsistent with these incontrovertible facts. For example,

5

Brachfeld claims that it "failed to receive various pleadings filed by Plaintiff"; that "[a]t no time did Plaintiff serve Defendant with a copy of Plaintiff's Motion for Default"; that "Plaintiff's counsel never mentioned default to Defendant during e-mail conversations between the two"; and that "Plaintiff failed to serve Defendant with Plaintiff's Motion for Default judgment pursuant to Local Rule 5.5." Docket Entry No. 14 at 1–5.

Brachfeld is no unsophisticated defendant; it is a law firm, and, moreover, a provider of debt collection services—a specialty whose practitioners should be particularly aware of the possibility that they might end up owing somebody money. Given the evidence that Brachfeld knew of the suit and was put on notice that the default judgment motion had been filed, Brachfeld cannot plausibly claim that its default was due to surprise, mistake, or inadvertence. *See Safdar*, 279 F.R.D. at 432 (noting that the defendants were sophisticated businessmen and that a default judgment entered three months after an abortive settlement attempt "should not have elicited surprise" "given that none of the defendants had filed an answer").

Neither can Brachfeld show that its default was due to excusable neglect. Even if Brachfeld honestly did not realize that a motion for default had been filed, its "neglect—that is, its failure to establish 'minimum internal procedural safeguards'—was at least a partial cause of its failure to

respond." *Rogers*, 167 F.3d 939 (quoting *Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987)). Furthermore, Brachfeld's only explanation for its (asserted) failure to receive Champaneria's motion is its inaccurate claim that Champaneria failed to serve the motion. The courts have repeatedly refused to grant relief even in cases where the defendants offered innocent explanations for their defaults. *See, e.g.*, *Baez v. S. S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975) (per curiam) (declining to find the defendant's neglect excusable and grant relief where the default was due to a Postal Service error but the defendant had not instituted internal safeguards against such a possibility); *Gibbs*, 810 F.2d at 1357 (holding that a defendant's claim that it had defaulted because a mail clerk mislaid the plaintiff's complaint was "not a sufficient excuse"). Because the evidence disproves Brachfeld's only excuse, Brachfeld cannot show excusable neglect.

The *Rogers* factors therefore counsel against granting relief. Most importantly, Brachfeld's conduct in defaulting was highly culpable— culpable enough, in fact, that relief could be denied on that ground alone. *See Safdar*, 279 F.R.D. at 433–34 ("Even if Defendants have arguably meritorious defenses and Plaintiff would suffer little prejudice by reinstituting the lawsuit, these factors cannot overcome culpability, delay, and lack of good faith to justify a finding of excusable neglect."). But

7

culpability aside, Champaneria would suffer some degree of prejudice if this Court granted Brachfeld relief, for he has already spent the time and money necessary to obtain a writ of execution and have the Marshalls Service serve Brachfeld.  And the only defenses asserted in Brachfeld's proposed original answer—lack of standing and disqualification of Champaneria's counsel—are not strong.[3]  Furthermore, the default judgment is for the relatively small sum of $14,429 and would not cause a "significant financial loss" to Brachfeld.  *Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008) (internal citation and quotations omitted) (stating that the loss to an individual defendant of a home valued $1.3 million would be a "significant financial loss" and weigh in favor of setting aside the default judgment); *Seven Elves*, 635 F.2d at 403 (noting that the size of a $250,000 judgment against defendants weighed in favor of allowing defendants a trial on the merits).  Therefore, Brachfeld is not entitled to have the default judgment set aside.

---

[3] Brachfeld's standing defense relies on the assertion that all alleged misrepresentations to Champaneria occurred through counsel.  *See* Docket Entry No. 14-1 at 3.  But even if this did deprive Champaneria of standing to assert his misrepresentation claims, it would not affect his claim for failure to provide the § 1692g notice, and he could still amend his complaint to assert a claim under 15 U.S.C. § 1692b(6) because Brachfeld allegedly sent a letter to his personal address after he filed suit even though it knew he was represented by counsel.  *See* Docket Entry Nos. 16 at 9–10; 16-7.  Finally, Brachfeld's argument that Champaneria's counsel is disqualified does not go to the merits of the case, and even if successful would only affect one of Champaneria's two attorneys.

8

## IV.  CONCLUSION

For the reasons discussed above, Defendant's Motion to Set Aside Default Judgment (Docket Entry No. 14) is **DENIED**.  The Court previously awarded Champaneria a default judgment in the amount of $14,429.00, of which $8,650.00 constituted attorney's fees.  *See* Docket Entry Nos. 12 (default judgment); 17 (invoice of attorney's fees).  Champaneria's counsel now asks for an additional award of $3,600.00 for his time spent responding to Brachfeld's motion, a total which he calculates from eight hours of work at an hourly rate of $450.00.  After considering the facts of the case, the work that Champaneria's counsel was required to do in responding to the motion, and the inaccurate statements that served as the basis for Brachfeld's motion, the Court holds that the requested fee award is fair and reasonable.  An order **SHALL** issue granting Champaneria an additional award of $3,600.00 in attorney's fees.

**IT IS SO ORDERED**.

**SIGNED** this 22nd day of January, 2013.

*/s/ Gregg Costa*
Gregg Costa
United States District Judge